UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X

United States of America,                          03-CR-0129
                                 Plaintiff,         (CPS)

          - against -

Howard Thomas Porter,                              MEMORANDUM
                                                   OPINION & ORDER

                                 Defendant.

-------------------------------------------X

SIFTON, Senior Judge.

          On October 16, 2003, Howard Thomas Porter ("Porter") was

convicted by a jury on three counts of transporting and shipping

child pornography in interstate commerce by computer, in

violation of 18 U.S.C. § 2252A(a)(1) and seven counts of

possession of child pornography, in violation of 18 U.S.C. §

2252A(a)(5)(B).  On May 26, 2004, Porter was sentenced by the

undersigned to 4 years imprisonment on each count to be served

concurrently and 3 years supervised release on each count to be

served concurrently.  On November 1, 2006, following a Second

Circuit appeal and remand, Porter was sentenced to the same

period of imprisonment and supervised release.  Presently before

the court is Porter's *pro se* motion to vacate judgment pursuant

to Federal Rule of Civil Procedure 60(b)(6), claiming that he was

denied discovery of the procedures used by the government to

create instant messenger transcripts entered into evidence at his

trial.

For the reasons stated below, I deny Porter's 60(b)(6) motion. I will, however, exercise my discretion to recharacterize the motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 provided that Porter expresses his desire to have me do so after having considered and consented to the consequences of such a recharacterization as described herein.

## BACKGROUND

The following facts are drawn from the parties' submissions in support of this motion.

On January 30, 2003, Porter was indicted on three counts of transporting child pornography through interstate commerce. The indictment was superseded by a fourteen count indictment on April 23, 2003, charging Porter with three counts of transporting and shipping child pornography in interstate commerce by computer in violation of 18 U.S.C. §§ 2252A(a)(1), 2252A(b)(1), and 3551 et seq., and eleven counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 3551 et seq.

Trial by jury commenced on October 7, 2003, and on the government's motion, one count of possession of child pornography was dismissed. On October 16, 2003, the jury acquitted Porter on three counts of possession, found Porter guilty on the remaining

seven counts of possession, and found Porter guilty on all three counts of transportation.

Porter appealed his conviction and sentence to the Second Circuit. On June 5, 2006, the Second Circuit affirmed the conviction but remanded to the undersigned for sentencing, under *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005). *U.S. v. Porter*, 184 Fed. Appx. 112, 115 (2d Cir. 2005). On November 1, 2006, Porter was resentenced to 4 years imprisonment and 3 years supervised release. Porter appealed the November 1, 2006 sentence to the Second Circuit. Porter also filed a Writ of Certiorari to the United States Supreme Court, which was denied on April 30, 2007. *Porter v. U.S.*, 127 S.Ct. 2149 (2007). On July 20, 2007, the Second Circuit affirmed the November 1, 2006 sentence. *U.S. v. Porter*, 2007 WL 2090147 (2d Cir. 2007).

On July 30,2007, Porter filed the instant *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

On September 19, 2007, Porter supplemented his July 30, 2007 motion suggesting that his Rule 60(b) motion "could be construed as a habeas type proceeding." Supplement for Motion Pursuant to 60(b)(6) by Howard Porter, dated September 19, 2007, at 2.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to a relieve a party from final judgment. *See* Fed.R.Civ.P.

60(b).[1]  A motion pursuant to Rule 60(b) is "addressed to the
sound discretion of the district court and [is] generally granted
only upon a showing of exceptional circumstances." *Mendell, on
Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.
1990).

When a petition is filed *pro se*, the court must construe the
*pro se* litigant's motion liberally. *United States v. Detrich*, 940
F.2d 37, 38 (2d Cir. 1991), *cert. denied*, 502 U.S. 1121 (1992)
(citing *United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir.
1990)).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21
(1972)(holding a pro se complainant to a less stringent standard
than that of a lawyer).

When a *pro se* litigant unsuccessfully seeks relief under one
provision of the law, the court may construe his post-conviction
motion as a motion under 28 U.S.C. § 2255 without requiring
repleading provided that "the court informs the litigant of its

---

[1] Federal Rule of Civil Procedure 60(b) states in relevant part:

> On motion . . . the court may relieve a party or a party's legal
> representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or
> excusable neglect; (2) newly discovered evidence which by due
> diligence could not have been discovered in time to move for a new
> trial under Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct of
> an adverse party; (4) the judgment is void; (5) the judgment has
> been satisfied, released, or discharged, or a prior judgment upon
> which it is based has been reversed or otherwise vacated, or it is
> no longer equitable that the judgment should have prospective
> application; or (6) any other reason justifying relief from the
> operation of the judgment.

Fed. R. Civ. Pro. 60(b).

intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003). *See also Adams v. United* States, 155 F.3d 582 (2d Cir. 1998).

28 U.S.C. § 2255[2] provides a prisoner in federal custody with a limited opportunity to collaterally challenge the legality of the sentence imposed on him by the Court. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The sentencing court is authorized by § 2255 to discharge or resentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution... was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255;

---

[2] 28 U.S.C. § 2255 states in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> ...If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or Presentence him or grant a new trial or correct the sentence as may appear appropriate.

*Addonizio*, 442 U.S. at 185.

Here, Porter failed to state a valid 60(b)(6) claim because the rule only applies to relief from civil judgments. Rather than dismiss Porter's 60(b)(6) motion, however, I am prepared to exercise my discretion to recharacterize his *pro se* motion as a motion to vacate pursuant to 28 U.S.C. § 2255.

This memorandum serves as notice to Porter of the court's intention to recharacterize his Fed. R. Civ. Pro. 60(b)(6) motion as a motion to vacate pursuant to 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 2255, Porter may file one petition for a writ of habeas corpus. By recharacterizing Porter's 60(b)(6) motion as a 28 U.S.C. § 2255 motion, Porter will be procedurally barred from filing a successive § 2255 motion, unless the Second Circuit certifies that the successive motion involves (1) newly discovered evidence of a potentially dispositive nature, or (2) a new and retroactive rule of constitutional law.[3]

Because of the restrictions on filing successive § 2255 motions, Porter is hereby afforded an opportunity to withdraw his motion. Porter is hereby ordered to inform the court of his

---

[3] Section 2255 provides that: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255.

decision to consent to the recharacterization, or to withdraw his filing, in writing, by December 10, 2007.

**CONCLUSION**

For the reasons set forth above, Porter's *pro se* Federal Rule of Civil Procedure 60(b)(6) motion is denied. Porter is ordered to notify the court on or before December 10, 2007 if he consents to the recharacterization of his motion as a petition pursuant to 28 U.S.C. § 2255. The clerk is directed to transmit a filed copy of the within to the parties and the magistrate judge.

SO ORDERED.

Dated :  Brooklyn, New York
         November 13, 2007

                    By:  /s/ Charles P. Sifton (electronically signed)
                         United States District Judge