UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X

United States of America,                          03-CR-0129(CPS)

        - against -

Howard Thomas Porter,                              MEMORANDUM
                                                   OPINION & ORDER

                        Defendant.

-------------------------------------------X

SIFTON, Senior Judge.

    On October 16, 2003, Howard Thomas Porter ("Porter") was

convicted by a jury on three counts of transporting and shipping

child pornography in interstate commerce by computer, in

violation of 18 U.S.C. § 2252A(a)(1) and seven counts of

possession of child pornography, in violation of 18 U.S.C. §

2252A(a)(5)(B).  On August 31, 2007, Porter began his period of

supervised release.  On November 13, 2007, Porter was found to

have violated a condition of supervised release. On January 3,

2008, the undersigned revoked Porter's term of supervised release

and sentenced him to 4 months imprisonment and a new term of 32

months supervised release with several special conditions.

Presently before this Court is defendant's motion to modify, or

in the alternative stay pending appeal, the condition of release

requiring the monitoring of his movements through a global

positioning satellite ("GPS") device.  For the reasons stated

below, Porter's motion is denied.

**Background**

Familiarity with the facts is assumed based on this Court's prior opinion. *United States v. Porter,* 2008 WL 117839 (E.D.N.Y. January 3, 2008). What follows is a procedural history of the disputed supervised release condition.

When defendant appeared before the undersigned on December 12, 2007 for his sentencing, I informed the parties of my *sua sponte* consideration of a condition monitoring Porter's movements through a GPS device. I adjourned the sentencing so that the parties could submit any written objections to the proposed condition. The government did not submit any objections to the proposed condition. In a letter dated December 27, 2007, defendant, through counsel, informed the Court that he did not object to the monitoring condition while he was in residence at a Residential Re-entry Center ("RRC"). Letter from Andrea G. Hirsch, dated December 27, 2007.[1]

On January 3, 2008, at Porter's sentencing, I imposed a special condition requiring Porter's movements to be monitored through a GPS device for the entire term of supervised release, to continue even after defendant established his own residence.

Following the imposition of this condition and defendant's

---

[1] When Porter appeared before the undersigned in connection with this motion, defendant noted that he had not objected to the GPS condition at the time of sentencing because he thought he would only be required to wear an ankle bracelet.

release from Bureau of Prisons custody, the Probation Department fitted Porter with an ankle bracelet as well as a one pound cellular transmitter, similar in size and appearance to a radio telephone, that he is required to wear or have within fifty feet. According to Porter, because the GPS device is not activated until 8am, he is prohibited from traveling before that time.

## Discussion

*Special Condition of Supervised Release Standard*

The Court has the discretion to impose special conditions of supervised release to the extent that they are reasonably related to the 18 U.S.C. § 3553(a) factors, involve no greater deprivation of liberty than reasonably necessary for the purposes set forth in § 3553, and are consistent with the pertinent Sentencing Commission policy statements. 18 U.S.C. § 1853(d); *United States v. Johnson,* 446 F.3d 272, 277 (2d Cir. 2006). GPS monitoring has been used by other courts as a condition of supervised release. *See e.g., U.S. v. Mickelson*, 433 F.3d 1050 (8th Cir. 2006); *U.S. v. Watson,* 204 Fed.Appx. 309 (4th Cir. 2006).

*Defendant's Claims*

Porter argues that the GPS condition is not reasonably related to his underlying crimes and is redundant in nature. Porter also argues that the GPS condition violates his First Amendment right to travel as well as his Fourth Amendment right

to privacy. I address each of his arguments in turn.

As I stated at the time of Porter' sentencing, the GPS condition is reasonably related to his crimes and does not represent a greater deprivation of liberty than is reasonably necessary. Porter has a history of disobeying court imposed restrictions, while awaiting trial, while waiting to be sentenced for his underlying offense and then again while on supervised release. Porter's term of supervised release was revoked on account of his failure to account for his whereabouts, attend to his treatment obligations, and follow the rules of the RRC where he was residing, even after warnings from the Probation Department and the undersigned. In light of his underlying sex offender conviction and the condition of release prohibiting his unsupervised contact with minors, Porter's continued failure to account for his whereabouts was of particular concern to this Court and necessitated the imposition of GPS monitoring. No one has suggested a less restrictive option for monitoring Porter's compliance with the terms of his release which will ensure the sentencing goals of deterrence and protection of the public given Porter's history. Moreover, since the cellular transmitter bears resemblance in size and appearance to a radio telephone, there is little concern that the device will attract unwanted attention.

Defendant argues that the GPS condition is redundant because this Court's prior warnings about the consequences of failing to

follow the RRC rules are sufficient for ensuring his compliance
with the terms of release. Given the defendant's repeated
failure to abide by this Court's warnings in the past, verbal
warnings are no longer sufficient to ensure his compliance.

With respect to plaintiff's claim that the GPS condition
violates his rights under the First Amendment to travel, I note
that supervised release conditions may include restrictions on
the right to travel if such restrictions are "reasonably related
to rehabilitating the defendant and protecting the public."
*United States v. Monas,* 213 F.3d 627, 2000 WL 665559, at *2 (2d
Cir. 1997)(unpublished opinion)(quoting *United States v.
Friedberg*, 78 F.3d 94, 97 (2d Cir. 1996)(per curiam)); *see also
United States v. Porotsky*, 105 F.3d 69, 71-72 (2d Cir. 1997)(per
curiam). Here, any restriction that the GPS monitoring condition
places on Porter's right to travel is reasonably related to the
goal of rehabilitation because it "reinforc[es] [defendant's]
perception that misdeeds do result in constraints on freedom,"
and also serves the goal of protecting the public by
"alleviat[ing] the danger to society posed by the possibility
that [the defendant] might repeat similar offenses." *Friedberg*,
78 F.3d at 97(internal quotation marks and citation omitted).

Although Porter argues that the restriction on travel may
negatively impact his ability to find a job, Porter offers
nothing more than conclusory statements in support of this

argument.  However, should Porter find employment that requires
him to leave his residence earlier than 8am, this Court will
consider an application to modify the GPS condition so as to
permit his travel prior to 8am on those days that he is required
to report to work.  In addition, since the most important
condition of his supervised release in terms of his
rehabilitation is treatment, the Court will entertain an
application to limit monitoring on a showing that his treatment
is progressing.

Finally, with respect to Porter's claim that the GPS
condition violates his right to privacy, I note that "[a]n
offender on supervised release has a 'diminished expectation of
privacy that is inherent in the very term '*supervised*' release.'"
*U.S. v. Balon*, 384 F.3d 38, 45 (2d Cir. 2004)(quoting *United
States v. Reyes*, 283 F.3d 446, 460 (2d Cir. 2002)(emphasis in
original).  Porter's "expectation of privacy is subject to the
special needs of supervised release" which are described in 18
U.S.C. §§ 3583(d) and 3553(a).  *Id.* at 44 (citing *United States
v. Lifshitz*, 369 F.3d 173, 189-190 (2d Cir. 2004)).  Here, the
GPS condition addresses the special need for deterrence and the
protection of the public and does not violate Porter's diminished
expectation of privacy.  Accordingly, because the GPS condition
is reasonably related to the objectives of sentencing, does not
represent a greater deprivation of Porter's liberty than

necessary, and is consistent with the Commission's policy statements, Porter's motion is denied.

**Conclusion**

For the reasons stated above, Porter's motion for a modification of a condition of supervised release is denied. The Clerk is directed to transmit a copy of the within to the parties.

SO ORDERED.

Dated:     Brooklyn, New York
           April 10, 2008


           By:     /s/ Charles P. Sifton (electronically signed)
                   United States District Judge